WHITE HOUSE HOTEL, INC., A CORPORATION, *ET AL.*, PLAINTIFFS-RESPONDENTS, v. TOWNSHIP OF LAKEWOOD, A MUNICIPAL CORPORATION, *ET AL.*, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued January 12, 1959—Decided January 19, 1959.

Before Judges CONFORD, FREUND and HANEMAN.

*Mr. Julius Cohn* argued the cause for defendants-appellants.

*Messrs. Hannoch, Weinstein, Myers & Stern* submitted a Statement in Lieu of Brief on Behalf of Plaintiffs-Respondents.

The opinion of the court was delivered by

CONFORD, J. A. D.  By judgment of the Superior Court, Law Division, dated December 20, 1957, the defendants, members of the Board of Assessors of the Township of Lakewood, were commanded to value and assess all real property in the township for purposes of taxation for the year 1959 and thereafter at the true or full and fair value thereof, as required by statute, *N. J. S. A.* 54:4–1, 54:4–23.  On September 5, 1958 defendants made a motion for a stay of the judgment to relieve the defendants of the obliga-

tion of complying with it for the tax year 1959. This appeal is from the denial of the motion. An application for certification of this action of the trial court was denied by the Supreme Court.

It should first be noted that defendants never appealed from the judgment of December 20, 1957. There is therefore a serious preliminary question as to whether the rule as to stay, *R. R.* 4:64, upon the basis of which the present application for stay was made, is properly invocable to justify a nullification of a part of the subject matter of the judgment; *i. e.,* the assessment of real property in Lakewood for the year 1959 at true value. Stays of judgments are ordinarily granted on the premise or assumption that the subject matter of the action which is adjudicated or secured by the judgment will be protected, not destroyed or impaired. The stay here requested is sought for the very purpose of impairing the subject matter of the judgment, *pro tanto,* and this even without an appeal from the judgment. But we pass this question to consider the appeal on the merits of the points urged by the defendants.

The plea is that enforcement of the judgment will visit "economical dislocation and hardship" on the municipality in several respects; that it is highly likely that there will be legislative action shortly which will obviate such difficulties; and that for these reasons the enforcement of the judgment for the tax year 1959 should be stayed.

We are informed that the defendant township contracted with J. M. Cleminshaw Co. under date of July 26, 1956 to conduct a revaluation of all real property in the municipality and that this work was completed in the early part of 1958. Defendants propose to base the 1959 assessments on the Cleminshaw valuations but desire to use a uniform lower ratio for this purpose than the statutory mandate of 100%. The plaintiffs in this cause are satisfied with defendants' said representations, and have, therefore, in their statement in lieu of brief, informed the court that they do not oppose the stay sought. This was the same position they took before the trial court, without, however,

withdrawing this action. So long as the action pends, however, and is not withdrawn by the plaintiffs, we are not at liberty to reverse the trial court determination except upon the basis of error demonstrated on the appeal. We find none.

The hardships assigned by defendants to justify a stay are: (1) the Cleminshaw valuations aggregate $70,000,000 at full true value, whereas county taxes for 1958 were paid on the basis of equalized true valuations produced by the state sales ratio tables at an aggregate of $57,000,000 of true value. It is therefore pointed out that Lakewood will probably have to pay an increase of $46,800 in county taxes for 1959 if the Cleminshaw figures are used in the 1959 assessments; (2) the cash value of veterans' exemptions will decline as the increased aggregate assessed valuations deflate the municipal tax rate; (3) the lowered tax rate will reduce the tax yield on personal property; (4) the statutory bonded indebtedness limit of the township will increase, making possible added indebtedness beyond the financial capacity of the township.

The first assignment of hardship is without any real merit. While the judgment states that assessments on the basis of the Cleminshaw valuations will constitute compliance therewith, the assessors have the right and duty to fix any assessed valuations which in their *bona fide* judgment represent full true value as of the assessing date. Theoretically, such figures should aggregate substantially the same gross amounts as the equalized aggregates arrived at by the county boards of taxation in the apportionment of county taxes, whether by use of the state sales ratio tables or otherwise. See *Carteret v. Div., etc., Dep't of Taxation and Finance*, 40 N. J. Super. 439 (*App. Div.* 1956), certification denied *Borough of Sayreville v. Division of Tax Appeals*, 22 N. J. 224 (1956); *Township of North Bergen v. Division of Tax Appeals*, 40 N. J. Super. 510 (*App. Div.* 1956), affirmed 24 N. J. 89 (1957).

It is to be presumed that apportionments of county taxes made by the county board of taxation represent a

fair and just distribution as between taxing districts. Remedy by statutory review is available to any dissatisfied municipality. Defendant is entitled to no more than this.

█ The fourth above-stated difficulty is clearly frivolous. The defendant municipality does not represent that it proposes to go out at once to make economically unwarranted loans on the basis of inflated legal debt limits.

The dispositive factor in relation to all of the defendants' assertions of hardship consequent upon being forced to assess at true value, however, is the decision of the Supreme Court in *Switz v. Middletown Township*, 23 *N. J.* 580 (1957). In that case the trial court had entered a judgment, of the same type and purpose as here, against the assessor of Middletown Township, to become effective for the tax year 1957 and subsequent years. On appeal, the Supreme Court recognized the illegality of assessments deliberately made at less than true value. It pointed out, however, that the disregard of the full true value standard had been general and long continued; and that "sudden and drastic changes in the long-established practice could work great detriment to community fiscal life" (23 *N. J.*, at *page* 594). The court consequently directed that the mandate of the judgment should not be applied for the tax years 1957 and 1958, thereby affording "the Legislature the opportunity to take such measures and provide for such administrative procedures as its own inquiry may prove to be essential to the public interest * * *" (23 *N. J.*, at *page* 598).

While the judgment of the court had direct effect only insofar as the Township of Middletown was concerned, there can be no doubt from a reading of the opinion filed on behalf of the majority of the court that it was intended thereby to give notice not only to the legislative branch of the government but to all the local assessors that the judiciary would deem itself obliged, in proper proceedings brought for that purpose, to perform its own constitutional duty and to enforce whatever statutes might then be in force and effect when the time came to make the 1959 assessments. That time has arrived.

■ This court entertains no doubt that the Legislature has been and is seriously concerned with the unsatisfactory tax assessment situation and with the necessity of meeting the deadline set by the *Switz* case if possible. In its *Ninth Report*, filed February 21, 1958, the Commission on State Tax Policy made comprehensive recommendations. A number of bills have since been proposed and these have been the subject of wide discussion, but not of unanimity of reaction by the public or public officials. In this background, we agree with the trial judge that the limits of judicial discretion have been fixed for this court by the *Switz* decision. Defendants do not assert that any of the difficult circumstances now obtaining were not in prospect when the *Switz* case was decided. Consequently, until and unless the Supreme Court alters the direction plainly implied in its opinion in that case that the moratorium on compliance with existing tax assessment statutes is not to extend beyond the tax year 1958, we do not conceive that we may properly withhold the judicial sanction for compelling the defendants to comply with the still operative statute for assessment at true value in making tax assessments for the tax year 1959.

■ It may not be untoward to point out that 1959 assessments do not become a completed finality until the county tax boards conclude their examination, revision and certification of the local assessors' lists on or before May 1. *N. J. S. A.* 54:4–46 to 54:4–55; *Hackensack Water Co. v. Division of Tax Appeals,* 2 *N. J.* 157, 164 (1949). This may afford the possibility of the Legislature's making any corrective legislation adopted this spring applicable to relieve the defendant taxing district of the hardships it anticipates in complying with the judgment herein.

Affirmed. No costs.